### LINDSEY BASSETT v. THE STATE.

#### No. 5022.  Decided May 29, 1918.

**Theft from Person—Charge of Court—Theory of Defense.**

Where, upon trial of theft from the person, etc., appellant complained of the court's charge in failing to submit the defensive theory that the alleged money had been dropped upon the floor and picked up by some other person, but the record showed that requested charges which were given by the court submitted this issue, etc., there was no reversible error.

Appeal from the District Court of Austin. Tried below before the Hon. M. V. Jeffery.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary. .

The opinion states the case.

*W. I. Hill* and *C. D. Duncan,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for theft under an indictment charging, in appropriate language, that certain money was taken from Robert Long without his consent "and so suddenly as not to allow time to make resistance."

The facts show that Long was in a saloon with appellant, and that Long was drunk and made a display of his money, and that he lost some of it. There were a number of other persons present and all engaged in drinking at Long's expense. One witness testified that he saw appellant take the money. Appellant testified and denied taking it, and introduced circumstances seeking to discredit the testimony of the main State's witness, and to suggest that the money was lost by Long or taken by someone else. One witness testified that he saw Long drop the money on the floor, and he, witness, picked it up, two five dollar bills. and told Long that he had done so soon after appellant was arrested.

The controverted questions of fact were solved against appellant under instructions as to the law given by the court of which complaint is made. The main charge submitted the issues in the following language:

"The indictment in this case charges a stealing from the person of the alleged injured person so suddenly as not to allow time to make resistance before the property was carried away. Now, I charge you that if from the evidence you are satisfied, beyond a reasonable doubt, that the defendant, Lindsey Bassett, in the County of Austin and State of Texas, on or about the time charged in the indictment, did, fraudulently take from the person and possession of the said Robert Long, Sr., without his consent, the personal property described in the indictment, or any part thereof, and so suddenly as not to allow time to make resistance before the property was carried away, with the intent to deprive the owner of the same and to appropriate it to the use and benefit of his, the said defendant, then you will find the defendant guilty as charged, and assess his punishment at confinement in the penitentiary for not less than two nor more than seven years. Unless you so believe beyond a reasonable doubt, you will acquit the defendant. If you believe from the evidence that the said Robert Long, Sr., dropped upon the floor the money alleged to have been stolen from him and that the same was picked up off the floor by someone other than the defendant, then you will acquit the defendant and say by your verdict not guilty."

Specific complaint is made of that part of the charge quoted submit-

ting the defensive issue of the money having been dropped upon the floor and picked up by some person other than the defendant. The paragraph is justly subject to criticism in that it might be construed as authorizing the jury to convict if the money was dropped upon the floor and picked up by the appellant. The indictment, charging that it was fraudulently taken from the person of Long, would not be supported by proof that Long lost his money and appellant picked it up. At appellant's request, however, two special charges were given. One of these we copy as follows: "If you believe from the evidence in this case that Robert Long lost his money in the saloon by carelessly handling or throwing the money upon the counter or carelessly handling otherwise in the saloon and it was picked up in the saloon, or if you have a reasonable doubt thereof you are charged the State has made out no case of theft from the person, and you will find the defendant not guilty." The other special charge directed an acquittal unless the jury believed beyond a reasonable doubt that appellant was in such position and in such distance from Long that he could have taken the money from him. The special charge quoted would seem to cure the error mentioned in the main charge. Apparently the special charges were given in response to appellant's exceptions to the main charge and in an effort by the court to meet the objections therein urged. Taking the charge as a whole, including the special charges, as the record is presented we are of opinion no reversible error appears.

The judgment of the court below is affirmed.

*Affirmed.*